LEVY v. FIDELITY & CASUALTY CO. OF NEW YORK.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

INSURANCE ⬅668(11)—INDEMNITY INSURANCE—QUESTION FOR JURY—INJURY
OR DISABILITY.

Evidence in an action upon an indemnity accident policy *held* to make plaintiff's injury or disability a question for the jury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1745, 1763, 1764; Dec. Dig. ⬅668(11).]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Milton I. Levy against the Fidelity & Casualty Company of New York.   From a judgment dismissing the complaint upon a trial before a jury, plaintiff appeals.   Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Milton I. Levy, of New York City, for appellant.

Nadal, Jones & Mowton, of New York City (Bernard G. Barton, of New York City, of counsel), for respondent.

PER CURIAM.   Plaintiff held an indemnity accident policy issued by the defendant, and claims to have been injured by a fall.   He demanded payment from the defendant, which was refused, and brings this action.

At the close of the plaintiff's case the defendant's attorney moved to dismiss the complaint, basing the motion solely upon the ground that plaintiff suffered no injuries or disability resulting from the accident to entitle him to recover any sum whatever.   We think there was ample evidence as to the accident causing the injury, and also sufficient evidence to go to the jury on the extent of the plaintiff's disabilities. Both plaintiff and his doctor testified that plaintiff was confined to his house and could not go to his place of business from the 13th to the 24th of June, 1915.   The plaintiff also testified that he was advised by his physician to go into the country to recuperate, which plaintiff did, and remained there for several weeks, and that he was attended there at least once by a physician, and still had his injured ankle bandaged.   The plaintiff was, we think, entitled to have the jury pass upon the question.   There was not such a clear lack of evidence as to warrant a dismissal of the complaint.

Judgment should be reversed, and a new trial ordered, with $30 costs to appellant to abide the event.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes